IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY RICHARDSON,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 25-CV-5143** |
| | : | |
| **CSL PLASMA,** | : | |
|     Defendant. | : | |

## MEMORANDUM

**HODGE, J.**                                                                          **NOVEMBER 18, 2025**

Plaintiff Terry Richardson initiated this *pro se* civil action alleging claims of employment discrimination against CSL Plasma, his former employer. For the following reasons, the Court will grant Richardson leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice to Richardson filing an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

Richardson used the Court's form complaint for alleging employment discrimination to plead his claims. He checks boxes on the form Complaint indicating that he brings discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as the Pennsylvania Human Relations Act ("PHRA"). (Compl. at 4.) He lists the following categories of discriminatory conduct to support his claims: "failure to hire me," "termination of employment," "failure to stop harassment," "unequal terms and conditions of my employment," and "retaliation." (*Id*. at 5–6.) He also handwrites an additional form of discriminatory conduct: that he was "accused of assaulting [a] female employee that was not proved." (*Id*. at 6.) Richardson

---

[1] The following allegations are taken from the Complaint. (ECF No. 2.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

states that the alleged discrimination occurred between August 8, 2023 through December 4, 2023, and on May 4, 2024. (*Id*.)

The factual allegations Richardson includes on the form Complaint to support his claims are sparse. He states that he is male and Native American and that he was "harassed" by Defendant "pertaining to race," allegedly because he was asked about a relationship he had with another employee with whom he shared a carpool. (*Id*.) Richardson states that he was "given directive from [the] line abrasively" and that he reported this to management. (*Id*.) He further alleges that he was "accused of inappropriate contact, physical" but that his employer "used a performance for [his] termination." (*Id*. at 8.) Based on these allegations, Richardson seeks money damages and that he be reemployed and promoted by Defendant. (*Id.* at 8.)

**II.    STANDARD OF REVIEW**

Because Richardson appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Richardson's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on*

*other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).  This requires the Court to remain flexible, especially considering a litigant's *pro se* status.  *Id.*  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant also "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (quoting *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule

8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.  DISCUSSION

Richardson asserts race discrimination claims under Title VII and under the PHRA. Federal law prohibits employment discrimination based on race, among other things. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448–49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)); *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (noting that claims under the PHRA are interpreted coextensively with their federal counterparts). In general, to plead a *prima facie* case of employment discrimination, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although it is not necessary for a plaintiff to allege a *prima facie* case at the pleading stage, a plaintiff still must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Because Richardson vaguely references being "harassed" by Defendant and includes harassment as an alleged discriminatory conduct category on his form Complaint, it is possible he also intends to assert a hostile work environment claim. To plead a hostile work environment claim, a plaintiff must allege: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like

4

circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014). "The Supreme Court has emphasized that 'conduct must be extreme' to satisfy this standard, so 'simple teasing, offhand comments, and isolated incidents (unless extremely serious)' are inadequate." *Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Richardson has not alleged sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of race discrimination. He includes in his form Complaint a few lines about being treated "abrasively" and being terminated allegedly due to fabricated reasons—performance—when he was really terminated due to unsubstantiated accusations about a coworker relationship. These allegations fall far short of the minimal requirements under Rule 8. *Garrett*, 938 F.3d at 92; *see also See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Moreover, aside from placing a checkmark on the form Complaint indicating that he was discriminated against on the basis of race (Native American) and stating that he was "harassed by [his] employer pertaining [to] race" (*see* Compl. at 6), Richardson includes no facts to support a plausible inference that Defendant's actions were motivated in any way by his race. In other words, Richardson's conclusory allegations to support his Title VII claim are not sufficient to state a race discrimination claim. *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be

'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007))); *see also Peebles v. Chain IQ Americas, Inc.*, 737 F. Supp. 3d 285, 290 (E.D. Pa. 2024) (dismissing Title VII race discrimination claim because the "single conclusory statement" that the plaintiff's "employment was terminated because of her race and/or color" was not sufficient to state a plausible claim). Accordingly, Richardson has not pled plausible race discrimination claims under Title VII or the PHRA.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Richardson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Richardson will be permitted to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim[s]." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). In addition, Richardson's Motion for the Appointment of Counsel will be denied without prejudice.[3] An appropriate order follows, which contains additional instructions as to any amendment.

---

[2] To the extent Richardson intends to also assert a retaliation claim by placing a checkmark next to retaliation on the form Complaint, the claim will also be denied. To state a plausible retaliation claim, a plaintiff must allege facts showing: (1) that he engaged in a protected employment activity; (2) that the employer took an adverse employment action against him; and (3) a causal link between the protected activity and the adverse employment action. *Connelly*, 809 F.3d at 789. A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that he complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995). Richardson alleges no facts about engaging in a protected employment activity, let alone that Defendant's termination or harassment of him was in connection with a protected employment activity.

[3] Richardson submitted with his complaint a blank copy of the Court's standard form requesting the appointment of counsel. (*See* ECF No. 4.) Although the form is completely blank, to the extent that Richardson intended to request the appointment of counsel by submitting the form, the

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge

_____
**KELLEY BRISBON HODGE, J.**

---

request will be denied without prejudice as premature. At this stage of the litigation, Richardson's case has not yet passed the screening stage under 28 U.S.C. § 1915. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before exercising discretion to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Richardson may renew his request after his amended complaint, if filed, has been screened for merit. If Richardson chooses to file a renewed motion for the appointment of counsel, he should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.