**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY RICHARDSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-5143** |
| | : | |
| **CSL PLASMA,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**HODGE, J.**                                                          **MARCH  19, 2026**

Plaintiff Terry Richardson asserts employment discrimination claims under Title VII of the

Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  The

Court previously granted Richardson leave to proceed *in forma pauperis* and dismissed his initial

Complaint against his former employer, CSL Plasma.  (*See* ECF Nos. 7, 8.)  Richardson returned

with this pending Amended Complaint, naming CSL Plasma and four individual CSL employees.

Because Richardson again fails to state a plausible employment discrimination claim, the Court

will dismiss his Amended Complaint with prejudice.

**I.      FACTUAL ALLEGATIONS[1]**

In his initial Complaint, Richardson alleged that he is Native American and that his former

employer "harassed" him, allegedly due to his race, by inquiring about a relationship he had with

another employee.  (ECF No. 2 at 6.)  Richardson also alleged that he was treated abrasively,

accused of inappropriate contact, and ultimately terminated.  (*Id*. at 8.)  In its November 18, 2025

Memorandum and Order, the Court dismissed Richardson's Complaint, concluding that he failed

---

[1] The following allegations are taken from the Amended Complaint.  (ECF No. 9.)  The Court
adopts the pagination supplied by the CM/ECF docketing system.

to allege sufficient factual allegations to raise a plausible inference that he was discriminated or retaliated against or harassed on the basis of his race.  (ECF No. 7 at 5–6); *see also Richardson v. CSL Plasma*, No. 25-5143, 2025 WL 3214775, at *3 (E.D. Pa. Nov. 18, 2025).  The Court provided Richardson with the legal standards to properly allege discrimination, retaliation, and harassment claims and permitted him to file an amended complaint.

In his Amended Complaint, Richardson again used the Court's form complaint for alleging employment discrimination to plead his claims and checked boxes on the form complaint indicating that he brings discrimination claims under Title VII and the PHRA.  (Am. Compl. at 1.) He lists the following categories of discriminatory conduct to support his claims: "termination of employment," "failure to promote," "failure to stop harassment," "unequal terms and conditions of my employment," and "retaliation."  (*Id.* at 2–4.)  He also handwrites additional forms of discriminatory conduct: that his coworkers allegedly used "racial slurs when [he] reported the incident" and that his "training person did not stay with [him] to adequate[ly] train [him]."  (*Id*. at 4.)  Richardson states that he was discriminated against on the basis of his race and that the alleged discrimination began on September 12, 2023 and continued during his employment.  (*Id*.)  He names the following Defendants: CSL Plasma, three CSL Plasma Center managers—Ann Miller, Latoya Williams, and Saqueda Cariens—and a reception technician, Emily Zimmerman.  (*Id*. at 1–3.)

The remainder of Richardson's factual allegations are from two exhibits that appear to be associated with his CSL Plasma personnel file.[2]  (*Id.* at 9.)  Richardson alleges that he is "enrolled

---

[2] The first is a January 23, 2024 letter Richardson handwrote to his employer concerning an incident that occurred earlier that day between him and a coworker. (Am. Compl. at 8.)  The second document is an undated memorandum from Richardson to "Pam Voccola, Human Resources Manager," describing the circumstances surrounding Richardson's May 10, 2024 termination from CSL Plasma and other complaints about coworkers. (*Id*. at 9–10.)

in the Indian Indigenous Tribe of 'Haliwa Saponi Tribe.'" (*Id*. at 9.)  He was hired by CSL Plasma as a part-time reception technician, and he was granted full-time status after his ninety-day review. (*Id*.)  While he does not indicate when he began employment at CSL Plasma, he states that he was suspended on May 5, 2024 pending an investigation into "inappropriate contact" with two CSL Plasma employees, in violation of CSL Plasma employee policy.[3]  (*Id.* at 9.)  Despite denying the accusation, Richardson was terminated on May 10, 2024.  (*Id*.)  Richardson alleges that he was not informed about his rights to appeal his termination and states that the disparaging accusations about him constituted harassment.  (*Id*.)

Richardson also alleges that he experienced "disrespect" from employees in the CSL Plasma reception department.  For example, one coworker told Richardson that he was not dressed appropriately for his shift and Richardson did not appreciate "being spoken to in such a way" in front of "donors" and coworkers.  (*Id*. at 8.)  In addition, Richardson was referred to as "'white,' suggesting [his] ethnicity."  (*Id*. at 9.)  He reported to management the use of the "N word" by

---

Richardson appears to attach these exhibits to support his claims in lieu of alleging facts in narrative form, which is insufficient to state a proper claim.  *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016); *see also Berkery v. Credit Collection Servs*., No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." (citations omitted)); *Coates v. Chimes/Holcomb Behav. Health*, No. 25-5993, 2025 WL 2983160, at *3 (E.D. Pa. Oct. 22, 2025) ("Accordingly, Coates's Complaint must be dismissed for failure to comply with Rules 8 and 10 since merely attaching her EEOC paperwork fails to provide the Defendant with sufficient notice to prepare its defense and the Court is not sufficiently informed to determine the nature of the claims.").  However, the Court will consider the factual allegations contained in these exhibits for the purpose of screening Richardson's Amended Complaint.  As set forth more fully in this Memorandum, even considering the contents of the exhibits and drawing all reasonable inferences in his favor, Richardson's allegations nevertheless fail to support a plausible claim under Title VII or the PHRA.

[3] Richardson was accused of "touching and kissing" two employees on their necks.  (Am. Compl. at 9.)

3

coworkers because he "despise[s] that word" and has biracial family members.  (*Id*.)  He was told that coworkers "place[d] wagers" on whether he would report for work and that he "did not like taking orders from a female."  (*Id*.)  He was "verbally address[ed]" by an undisclosed coworker in a "disrespectful [and] abusive tone."  (*Id*.)  Richardson states that, after he shared these concerns with CSL Plasma management, "all actions and discrepancies" were "retaliatory," such as "harassment" and "favoritism" from coworkers who "acted self-empowered to give directives . . . as if they were in a managerial or supervisory role."  (*Id*. at 10.)  Based on these allegations, Richardson seeks money damages.  (*Id.* at 7.)

## II.   STANDARD OF REVIEW

As Richardson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  At this stage of the litigation, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Richardson's favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Richardson is proceeding *pro se*, the Court construes his allegations

liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.    DISCUSSION

Richardson again asserts race discrimination, harassment, and retaliation claims under Title VII and under the PHRA.  Federal law prohibits employment discrimination based on race.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448–49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)); *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (noting that claims under the PHRA are interpreted coextensively with their federal counterparts).  The Court's November 18, 2025 Memorandum and Order provided Richardson with the legal standards to plead these claims and the specific reasons why the claims he asserted in his initial Complaint failed, including instructions on how to cure the defects in those claims.  Despite this notice, Richardson has again failed to allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of race discrimination, retaliation, or harassment.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Regarding his discrimination claims, the Court explained that it was not enough for Richardson to allege that he was treated abrasively by his former employer and that he was discriminated against on the basis of his race (Native American).  (ECF No. 7 at 5.)  The Court advised Richardson that he must allege specific facts to show that the Defendant's actions "were motivated" by his race.  (*Id.*)  He has not done this in his Amended Complaint.  Instead, Richardson states that he was terminated after an investigation into his alleged violation of employee policy by engaging in inappropriate contact with two CSL Plasma employees.  He denied the accusation but was not provided with information about challenging the investigation or his termination.  Assuming this were true, it does not raise a plausible inference that his termination had anything

to do with his race.  Richardson again fails to connect his Native American identity to his termination or to any other adverse employment action.  *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive dismissal a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead *facts* that plausibly connect his national origin to his discharge").

The Court also explained to Richardson that his allegation about being "harassed by [his] employer pertaining [to] race" was not sufficient to state a plausible harassment claim and that he needed to instead allege facts—not conclusions—showing specific instances of harassment and that they were *motivated by* his race.  (ECF No. 7 at 5.)  Further, the Court explained that to properly plead a harassment claim, the discrimination must be "severe or pervasive," *see Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020), and the claim cannot be based on "simple teasing, offhand comments, and isolated incidents," *see Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023).  (ECF No. 7 at 4–5.)  Richardson has not cured the defects the Court noted regarding his harassment claims.  In his Amended Complaint, Richardson alleges generally that he experienced "disrespect" and "harassment" from his coworkers, such as being accused of inappropriate touching, spoken to in "a disrespectful [and] abusive tone," informed he did not dress appropriately, or told he "did not like taking orders from a female."  (Am. Compl. at 9.)  However, "Title VII imposes no general civility code," as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct."  *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (Ginsburg, J., dissenting) (internal quotations omitted); *see also Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)).

Richardson also alleges that some coworkers referred to him as "white" or used the "N Word." While these allegations are inappropriate if not offensive, without more, they do not plausibly infer intentional discrimination on the basis of Richardson's Native American race, nor do these isolated comments rise to the level of "severe or pervasive" necessary to plausibly allege a harassment claim under Title VII. *See, e.g.*, *Wiggins v. Universal Prot. Servs. LLC*, No. 22-1491, 2022 WL 4116912, at *3 (3d Cir. Sept. 9, 2022) (*per curiam*) ("Wiggins did not state a prima facie case for a hostile work environment claim, as he did not make factual allegations that could suggest that his workplace was 'permeated with *discriminatory* intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'" (alterations in original); *Culler v. Sec'y of U.S. Veterans Affs.*, 507 F. App'x 246, 250 (3d Cir. 2012) (affirming dismissal of hostile work environment claim where plaintiff's allegations described workplace conflict, were insufficiently severe or pervasive, and were insufficiently linked to his membership in a protected class).

Finally, Richardson failed to cure the defects in his retaliation claims. The Court explained in its November 18, 2025 Memorandum that, in order to state a plausible retaliation claim, Richardson had to allege facts about engaging in a protected employment activity, suffering an adverse employment action, and a causal link between the two. (ECF No. 7 at 6 n.2.) Moreover, the Court explained that the protected employment activity had to address unlawful discrimination under Title VII and that "[a] general complaint about unfair treatment does not constitute protected activity." (*Id.*) In his Amended Complaint, Richardson again does not clearly allege how he engaged in protected employment activity related to unlawful discrimination. Many of the reports Richardson made to CSL Plasma management reflect nothing more than generalized complaints about the workplace, such as being spoken to disrespectfully by coworkers or being told he was

7

not dressed appropriately.  These complaints are not protected employment activities because they do not allege a violation of Title VII's substantive anti-discrimination provisions.  *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995); *Slagle v. County of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006).    While it is possible that Richardson's complaint to Defendants about coworkers' use of the "N word" constituted a protected employment activity, he fails to provide sufficient context about when he made these complaints and what adverse actions Defendants took, if any, after he complained.  In other words, Richardson does not sufficiently allege a causal connection between his complaints about the "N word" and his termination or any other adverse employment action.

## IV.    CONCLUSION

For the foregoing reasons, Richardson fails to state a plausible claim under Title VII or the PHRA.  The Court will therefore dismiss Richardson's Amended Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As Richardson has already been given an opportunity to reassert factual allegations in support of his claims but has failed to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding that amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"); *Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *2 (3d Cir. Oct. 8, 2025) (*per curiam*) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)).

A final order of dismissal will be entered separately.  *See* Fed. R. Civ. P. 58(a).

8

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**KELLEY BRISBON HODGE, J.**